United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SILVERMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DORSEY LANE, et al.,<br><br>　　　　Defendants. | Case No. 18-04510 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IN PART; ADDRESSING PENDING MOTIONS; SETTING BRIEFING SCHEDULE FOR REMAINING CLAIMS**<br><br>(Docket. Nos. 24, 25, 27, 35, 36, 49) |

Plaintiff, a California state pretrial detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against prison officials at the Humboldt County Correctional Facility ("HCCF"). The Court found the complaint, (Docket No. 1), stated cognizable claims for excessive force and failure to protect prisoner's safety, and ordered the matter served on Defendants Corporal Lane, Deputy Ayala, and Deputy Twitchell. (Docket No. 13 at 2.) Defendants Davin Twitchell and Brenda Ayala filed a motion to dismiss the claims against them for failure to plead sufficient facts to establish liability.[1] (Docket No.

---

[1] Defendant Dorsey Lane filed a motion for an extension of time to file a separate motion for summary judgment, (Docket No. 24), pending the disposition of the Defendants Ayala and Twitchell's motion to dismiss and the screening of the amended complaint filed by Plaintiff.

1

33, hereinafter "Mot.") Plaintiff filed an opposition, (Docket No. 26), and Defendants filed a reply, (Docket No. 28).[2] There are also numerous motions that are addressed below.

For the reasons discussed below, Defendants' motion to dismiss is **GRANTED IN PART and DENIED IN PART.**

## I. DISCUSSION

### A. Plaintiff's Claims

At the time of the underlying incidents, Plaintiff was a pretrial detainee housed at HCCF.[3] Plaintiff claims that on June 24, 2018, his "forearm/hand was grabbed with force [and] pushed and tugged by surprise" by Defendant Deputy Twitchell through a tray slot while he was trying to acquire water. (Compl. at 3; Docket No. 17.[4]) Plaintiff claims that while this was happening, "Defendant Ayala had a tazer harnessed in hand." (*Id.*) Plaintiff claims that on July 1, 2018, his forearm/hand was atop the tray slot when Defendant Corporal Lane tazed him while Defendant Deputy Ayala was standing beside Defendant Lane. (*Id.* at 3, 4.) Plaintiff claims that Deputy Ayala owed him a duty of protection from excessive force but merely "smiled afterwards and to others." (*Id.* at 3.) Plaintiff claims that "[b]oth relished in this tazing with malicious sadistic evil illegal spirits." (*Id.*) Plaintiff claims that his hand is "numb in 2 fingers all the way down to the

---

[2] Plaintiff then filed a sur-reply to Defendants' reply. (Docket No. 29.) In the order of service, the Court stated that any dispositive motion filed by Defendants would be deemed submitted as of the date the reply brief is due. (Docket No. 13 at 4.) Nor did Plaintiff obtain court approval prior to filing the additional papers as required under Local Rule 7-3(d). Accordingly, Plaintiff's sur-reply will not be considered.

[3] Defendants assert that Plaintiff is a pretrial detainee and was so at the time of the underlying incidents. (Mot. at 2.) Nowhere in his opposition papers or in any other pleading filed thereafter does Plaintiff refute this fact.

[4] Plaintiff filed a "Notice to the Court" clarifying some of the allegations made in the complaint. (Docket No. 17.) In the interest of justice, the Court will construe this document as an amendment to the complaint.

2

wrists, and tightened internally somehow," and seeks damages for "pain, shock, discomfort, trauma, worry, anatomical dysfunction in hand damage." (*Id.*) Liberally construed, the Court found these allegations were sufficient to state cognizable claims for excessive force and failure to protect prisoner's safety. (Docket No. 13 at 2.)

Plaintiff also claims that he was "subjected to water deprivation." (Compl. at 3.) According to a copy of the inmate grievance Plaintiff filed in connection with this incident, it appears that the water was turned off in his cell on June 24, 2018, and when he requested water to drink and to wash his hands, Defendant Ayala only gave him two half-filled cups of water. (*Id.* at 5.) The Court will discuss whether this claim is cognizable below.

**B.** **Motion to Dismiss**

    **1.** **Standard of Review**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In the Ninth Circuit, courts "construe *pro se* filings liberally when evaluating them under *Iqbal*. However, a court will not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th

3

Cir. 1982).

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the Plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### 2. **Excessive Force**

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)); *cf. Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment reasonableness standard applies to allegations of use of excessive force against pre-arraignment detainee). To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* "A court (judge or jury) cannot apply this standard mechanically." *Id.* "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. at 396).

A non-exhaustive list of considerations that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or

4

to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 135 S. Ct. at 2473.

Because the *Kingsley* standard applicable to excessive force claims by pretrial detainees is purely objective, it does not matter whether the defendant understood that the force used was excessive or intended it to be excessive. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc). A pretrial detainee can prevail by providing "'objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473-74)) (emphasis in original).

Defendants assert that on June 24, 2018, the only force that was used was the grabbing, pushing, and tugging of Plaintiff's forearm/hand by Defendant Twitchell. (Mot. at 4.) Defendants assert that Plaintiff does not allege any facts demonstrating that Defendant's Twitchell's conduct was "in fact unreasonable given the circumstances." (*Id.*) They also argue that there are no allegations that Defendant Ayala engaged in any conduct constituting a constitutional violation. (*Id.* at 5.) The only allegation against Defendant Ayala is that she "had a tazer harnessed in hand," which Defendants assert does not rise to a claim of excessive force. (*Id.*) Defendants also assert that Plaintiff does not allege that he suffered any injury as a result of their alleged conduct. (*Id.*)

In opposition, Plaintiff asserts that he filed an amended complaint, and requests that the Court grant that his "initial complaint to be replaced by the amended complaint and that the initial complaint's grievance evidence exhibits be bound over into the amended complaint's evidence." (Docket No. 26.) Accordingly, the Court construes Plaintiff's request as an admission that the allegations in the original complaint are insufficient. In reply, Defendants assert that Plaintiff has not pled any facts to show that any force used by Defendant Twitchell was objectively unreasonable under the circumstances. (Reply at 3.)

Based on the foregoing, it is undisputed that the original complaint fails to allege sufficient facts to state an excessive force claim against Defendant Twitchell based on the grabbing, pushing, and tugging of Plaintiff's forearm/hand through the tray slot. As Defendants point out, there is no allegation that the force used by Defendant Twitchell was objectively unreasonable under the circumstances. *See Kingsley*, 135 S. Ct. at 2473. Other than the allegation that the force was "by surprise," Plaintiff makes no allegation that Defendant Twitchell's actions were unnecessary, that Plaintiff was not resisting, and that he suffered any injuries due to the force. *Id.* Furthermore, the Court has reviewed the proposed amended complaint and finds that it fails to correct this deficiency because the allegations contained therein are virtually identical to those in the original complaint. (*Compare* Compl. at 3 with Am. Compl. at 1, Docket No. 21.)

Plaintiff also fails to state a claim against Defendant Ayala based on the June 24, 2018 incident where she merely threatened to use force as indicated by the allegation that she "harnessed a tazer in her hand" and no more. (Compl. at 3.) It simply cannot be said that Defendant Ayala subjected Plaintiff to excessive force where no force was actually applied. Plaintiff has also failed to remedy this deficiency in the proposed amended complaint because the factual allegations against Defendant Ayala are identical to those in the original complaint. (Am. Compl. at 1.)

Based on the foregoing, Defendants' motion to dismiss the excessive force claim against Defendants Twitchell and Ayala based on their actions on the June 24, 2018 incident is GRANTED for failure to state a claim.[5] In opposition, Plaintiff rests on the allegations made in his amended complaint, which he requests replace the initial complaint. (Opp. at 1.) However, as discussed above, the amended complaint fails to remedy the deficiencies asserted by Defendants, and Plaintiff fails to set forth any new

---

[5] Because the claim is dismissed for failure to state a claim, the Court need not reach Defendants' motion to dismiss based on qualified immunity.

allegations in his opposition that would remedy the deficiencies. Accordingly, the dismissal is without leave to amend as another amendment would be futile.

### 3. <u>Failure to Protect</u>

In the context of claims for failure to protect, the standard under the Eighth Amendment to prove deliberate indifference is different than the standard to prove deliberate indifference under the Fourteenth Amendment. Whereas a convicted prisoner must prove an individual defendant's subjective awareness of a risk of harm in order to prevail on a failure-to-protect claim under the Eighth Amendment, a pretrial detainee need not do the same in order to prevail on a failure-to-protect claim under the Fourteenth Amendment. *Castro*, 833 F.3d at 1068-70 (holding that objective standard of *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), applicable to excessive force claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial detainees). Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to protect claim." *Id.* at 1070. A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more than negligence but less than subjective intent – something akin to reckless disregard." *Id.* at 1071.

With respect to the July 1, 2018 incident, Plaintiff alleges that Defendant Lane tazed him, and that Defendant Ayala stood by. (Compl. at 3.) Defendants assert that this allegation is insufficient to demonstrate that Defendant Ayala's conduct constituted a constitutional violation. (Mot. at 5.) Defendants assert that the complaint is devoid of facts indicating that Defendant Ayala participated in the tazing, and that she cannot be held liable for the conduct of another prison official, particularly her superior. (*Id.*)

In opposition, Plaintiff cites to caselaw from another circuit that states "[a]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable for his nonfeasance." (Opp. at 2,

7

citing *Mick v. Brewer*, 76 F.3d 1127, 1136 (10th Cir. 1996).) The law of this circuit is the same: an official can be liable for failing to intervene if he or she is present when another official uses excessive force against a prisoner. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *see also Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003) (evidence of sergeant's presence during the use of excessive force and sergeant's failure to bring his subordinates under control could support liability under § 1983). Accordingly, if Defendant Lane's actions amount to excessive force, then Defendant Ayala can also be held liable for failing to intervene because she was present during the incident. Although Defendants argue in reply that Plaintiff has to plead facts showing that Defendant Ayala had an opportunity to intervene and he does not, the caselaw they rely on is from the Sixth Circuit, (Reply at 3-4), and therefore cannot be said to be a necessary pleading requirement in this circuit. Accordingly, Defendants' motion to dismiss this failure to protect claim against Defendant Ayala is DENIED.

### 4. **Deprivation of Water**

Defendants assert that Plaintiff's claim regarding the deprivation of water is conclusory and should be dismissed for failure to state a claim. (Mot. at 6.) Defendants argue that the complaint is devoid of any facts supporting the conclusory statement that he was subjected to water deprivation, and that he does not sufficiently link any named defendant this claim. (*Id.*) Plaintiff does not offer any argument in opposition, only stating that he "merely wanted water to drink and water to wash his hands" without any explanation as to how Defendants are liable for the deprivation of water. (Opp. at 2.) Lastly, Plaintiff's proposed amended complaint does not remedy the deficiency of this claim because it is devoid of any factual allegations indicating that Defendants were involved with the water being shut off in his cell or that they were involved in the continuous deprivation of water. (Am. Compl. at 1-2.) Accordingly, Defendants' motion to dismiss this claim is GRANTED for failure to state a claim. Because it appears that

8

Plaintiff would not be able to cure this deficiency in another amended complaint, the dismissal it without leave to amend.

C. **Pending Motions**

　　1. **Motion for Leave to File Amended Complaint**

Before Defendants were served with the original complaint, Plaintiff filed a motion to amend his complaint on January 7, 2019, along with an "amended complaint" accompanied by exhibits. (Docket No. 21.) After Defendants' motion to dismiss became submitted, Plaintiff filed an "Amendment to Plaintiff's motion to amend," to submit the amended complaint as a "matter of course" under Federal Rule of Civil Procedure 15(a)(1). (Docket No. 31.) Defendants file an opposition to the amended complaint, (Docket No. 38), and Plaintiff filed a reply, (Docket No. 43).

Federal Rule of Civil Procedure 15(a) provides:

> (1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
>
> 　　(A) 21 days after serving it, or
>
> 　　(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion to dismiss under Rule 12(b), (c), or (f), whichever is earlier.
>
> (2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Defendants first assert that Plaintiff filed the amended complaint nearly six months after he filed his original complaint on July 26, 2018, and therefore well beyond the 21 days provided under Rule 15(a)(1)(A). (Docket No. 38 at 3.) Secondly Defendants assert that Plaintiff filed the amended complaint before they filed their responsive pleading, which means the amended complaint was premature under Rule 15(a)(1)(B). In reply, Plaintiff asserts that under Rule 15(a)(2), "the court should freely give leave [to amend]

when justice so requires." (Docket No. 43 at 1.) The Court agrees with Defendants that Plaintiff's amended complaint does not fall under either subsection (A) or (B) of Rule 15(a)(1), such that it may be accepted as an amended pleading "as a matter of course." Accordingly, Plaintiff's motion to file the amended complaint "as a matter of course" is DENIED. (Docket No. 31.) The Court must consider whether leave should be granted in the interest of justice under Rule 15(a)(2).

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). However, leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Id.*; *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). A district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint." *Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001). Put differently, futility of amendment frequently means that it is not factually possible for plaintiff to amend the complaint so as to cure the deficiencies. *Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002).

Defendants argue that leave to amend should not be granted because it would be futile. (Docket No. 38 at 3-4.) Defendants assert that the newly alleged Eighth Amendment and Fourteenth Amendment claims are deficient because Plaintiff fails to allege any personal action taken by the newly proposed Defendants which would support

his new claims. (*Id.*) In response, Plaintiff asserts that the amended complaint corrects the allegations against Defendant Twitchell and also includes the "after-effects of medical deliberate indifference and/or reckless disregard by part[ies]…." (Docket No. 43 at 2.)

The Court finds that an amendment should not be granted on the grounds that it would be futile. As discussed above, the proposed amended complaint fails to cure the deficiencies of the claims against Defendants Twitchell and Ayala with respect to the June 24, 2018 incident. *See supra* at 6-8. Plaintiff has made no effort in opposition to argue that the amended complaint cures these deficiencies, which it does not. Nor does Plaintiff argue in any responsive pleading that if given another opportunity, he would be able to cure the deficiencies in the amended complaint. It appears, therefore, that it is not factually possible for Plaintiff to cure the deficiencies of his Fourteenth Amendment excessive force and failure to protect claims against Defendants Twitchell and Ayala based on the June 24, 2018 incident. Accordingly, the proposed amended complaint does not cure the deficiencies such that the motion to amend these claims is DENIED as futile. *See Janicki Logging Co.*, 42 F.3d at 566.

Plaintiff's proposed amended complaint is problematic based on improper joinder as well. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)).

11

Furthermore, parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants).

Because Plaintiff has included a new "Fourteenth Amendment/Eighth Amendment claim," (Docket No. 21 at 3), the amended complaint improperly joins different claims against different defendants in a single action. While the original complaint contained only claims regarding the improper use of force and a related failure to protect claim against Defendants Twitchell, Ayala, and Lane, the amended complaint alleges that after the tazing incident on July 1, 2018, Plaintiff received inadequate medical treatment due to the actions of Defendants Iver Lien (medical clinician), Dr. Daniel Ziegler, Lt. Dean Flint, Jason Benge, Capt. Duane Christian, and Humboldt County. (Docket No. at 3.) The inadequate medical care he received from this new set of defendants is wholly separate from the alleged incidents of excessive force that involved three separate defendants. As such, it cannot be said that there is a question of law or fact that is common to *all* defendants in the proposed amended complaint. Fed. R. Civ. P. 20(a)(2). Accordingly, leave to amend to include additional claims against new defendants that are unrelated to the original claims in this action is DENIED as futile. Plaintiff may pursue his inadequate

medical care claims in a separate action if he so desires.

Based on the foregoing, Plaintiff's motion for leave to file an amended complaint is DENIED on the grounds the amended complaint does not cure the deficiencies in the original complaint and it improperly joins unrelated claims and parties to this action.

This action shall proceed solely on the excessive force claim against Defendant Lane and the failure to protect claim against Defendant Ayala based on their actions on July 1, 2018.

### 2. Motion to Delay Discovery

Plaintiff filed a motion "to delay Defendants' defense from striving to acquire and process the first complaint," i.e., to stay discovery, including a deposition, pending the Court's acceptance of his amended complaint. (Docket No. 27.) Defendants filed opposition. (Docket No. 30.) Thereafter, Plaintiff filed a notice stating he was mistaken in believing that discovery was stayed and that he is willing to comply with Defendants' discovery requests. (Docket No. 34.) Accordingly, Plaintiff's motion to delay discovery is DENIED as moot.

### 3. Motion to Compel the Deposition of Plaintiff

Defendants served Plaintiff with a deposition notice, and the deposition was subsequently set for March 26, 2019, at 1:00 p.m. at the Mendocino County Jail. (Docket No. 35 at 2.) When counsel for Defendants appeared for the deposition, he spoke with Plaintiff at his cell and was informed that Plaintiff would not appear for his deposition because he had a pending motion to delay Defendants' ability to conduct discovery. (*Id.* at 3.) Counsel advised Plaintiff that he would go on the record and take a non-appearance and then move to compel Plaintiff's deposition. (*Id.*)

On April 4, 2019, Defendants filed a motion to compel the deposition of Plaintiff and for sanctions. (Docket No. 35.) Plaintiff filed objections to Defendants' motion for sanctions, stating his misunderstanding of Defendants' right to continue discovery and

13

willingness to comply with any discovery requests. (Docket No. 37.) Defendants filed a reply. (Docket No. 40.) Plaintiff filed a sur-reply, (Docket No. 41), which will not be considered. *See* Civil L.R. 7-3(d).

On the same day Defendants filed their motion to compel, Plaintiff filed a motion for the Court to direct the Jail to allow a "make-up deposition" to take place over the telephone. (Docket No. 36.) Defendants filed an opposition. (Docket No. 39.)

When Plaintiff refused to comply with the deposition on March 26, 2019, he was under the mistaken idea that discovery would be stayed pending the Court's ruling on his "motion to delay." (Docket No. 34.) A few days after the failed deposition, Plaintiff filed a notice with the Court on April 1, 2019, stating his willingness to comply with Defendants' discovery requests. (*Id.*) As such, it does not appear that Plaintiff was acting in bad faith to warrant the imposition of sanctions for his failure to comply with the deposition on March 26, 2019.

With respect to Plaintiff's request for a make-up telephonic deposition, the request is DENIED for lack of good cause and due to Defendants' refusal to stipulate to such an arrangement under Rule 30(b)(4) of the Federal Rules of Civil Procedure. As Defendants assert in their opposition, they would be prejudiced by a telephonic deposition because counsel would be unable to evaluate Plaintiff's credibility. (Docket No. 39 a 3.)

Based on the foregoing, Defendants' motion to compel Plaintiff's deposition is GRANTED and their motion for sanctions is DENIED. (Docket No. 35.) Defendants shall serve Plaintiff with another deposition notice to which Plaintiff shall comply by making a personal appearance at the time and place set by the notice. Plaintiff is advised that should he fail to comply with this second deposition, the Court will reconsider the imposition of sanctions based on Plaintiff's bad faith.

   **4.** **Request for Production of Documents and Motion to Compel**

Plaintiff filed several requests for production of documents. (Docket Nos. 42, 44,

14

48.) Defendants filed oppositions, stating therein their intent to respond to Plaintiff's discovery requests pursuant to Rule 34 of the Federal Rules of Civil Procedure. (Docket Nos. 45, 46, 50.)

Plaintiff filed a motion to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure, asserting that counsel's discovery responses have been inadequate. (Docket No. 49.) Defendants filed opposition, (Docket No. 51), and Plaintiff filed a reply, (Docket No. 52). Defendants assert that the motion must be denied because Plaintiff failed to meet and confer with counsel before seeking court intervention pursuant to Rule 37(a)(1). (Docket No. 51 at 5-6.) In reply, Plaintiff asserts that he is only required to show that he "conferred or attempted to confer" under Rule 37(a)(1), and that he has "put forth good faith conferring by posing a request for production of documents displaying his views." (Docket No. 52 at 1.)

Rule 37(a)(1) requires a party seeking to compel further responses to discovery to certify that he has previously "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. Proc. 37(a)(1). Furthermore, the parties are required to attempt to resolve "all disputed issues" in good faith before this Court will even entertain a motion to compel. *See* Civil L.R. 37-1(a).

Plaintiff is simply mistaken in believing that his requests for production of documents constitute "conferring" within the meaning of Rule 37. Under the Local Rules, which supplement the applicable Federal Rules, the "meet and confer" requirement can only be satisfied through "direct dialogue and discussion – either in a face to face meeting or in a telephone conversation." Civil L.R. 1-5(n). Presenting Plaintiff's "views" in his requests for production of documents does not constitute a "direct dialogue and discussion" to satisfy this meet and confer requirement. Lastly, counsel notified Plaintiff of his desire to "engage in a meaningful meet and confer process" which Plaintiff ignored.

15

(Docket No. 51-1 at 44.) Accordingly, the Court finds Plaintiff has failed to satisfy the meet-and-confer requirement of Rule 37(a)(1) before filing his motion to compel. Plaintiff's motion to compel is DENIED. (Docket No. 49.)

## II. CONCLUSION

For the forgoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss is **GRANTED IN PART and DENIED IN PART**. (Docket No. 33.) It is granted with respect to the excessive force claims against Defendants Twitchell and Ayala for their actions on June 24, 2018; those claims are DISMISSED with prejudice for failure to state a claim. *See supra* at 6. The deprivation of water claim is also DISMISSED with prejudice for failure to state a claim. *Id.* at 8. The motion is denied with respect to the failure to protect claim against Defendant Ayala. *Id.*

The sole claim against Defendant Twitchell having been dismissed, the Clerk shall terminate Defendant Twitchell from this action.

2. Plaintiff's motion for leave to file an amended complaint, (Docket No. 21, 31), is DENIED as futile. *See supra* at 12-13.

3. Plaintiff's motion to delay discovery, (Docket No. 27), is DENIED as moot. *See supra* at 13.

4. Defendants' motion to compel the deposition of Plaintiff, (Docket No. 35), is GRANTED. Defendants' motion for sanctions is DENIED. *See supra* at 14.

5. Plaintiff's motion for the Court to approve a telephonic make-up deposition, (Docket No. 36), is DENIED. *See supra* at 14.

6. Plaintiff's motion to compel discovery, (Docket No. 49), is DENIED. *See supra* at 15.

7. Defendant Lane's application to continue the deadline to file a summary judgment motion is GRANTED. (Docket No. 24.) This action shall proceed solely on the

16

excessive force claim against Defendant Lane and the failure to protect claim against Defendant Ayala based on their actions on July 1, 2018.

8. No later than **ninety-one (91) days** from the date this order is filed, Defendants Lane and Ayala shall file a motion for summary judgment or other dispositive motion with respect to the remaining claims in this action.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

9. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

10. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

11. All other provisions in the Court's Order of Service, (Docket No. 13), shall remain in effect.

This order terminates Docket Nos. 24, 25, 27, 35, 36, and 49.

**IT IS SO ORDERED.**

Dated: August 27, 2019

BETH LABSON FREEMAN
United States District Judge

Order Granting In Part and Denying In Part Defs' MTD; Pending Motions
PRO-SE\BLF\CR.18\04510Silverman_part.grant.mtd&motions

18