UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JACOB SILVERMAN, Plaintiff, v. DORSEY LANE, et al., Defendants. | Case No. 18-04510 BLF (PR)<br><br>**ORDER DENYING MOTION TO COMPEL; DENYING MOTION FOR SANCTIONS; GRANTING MOTION TO WITHDRAW PREVIOUS MOTION; DENYING MOTION TO AMEND; GRANTING MOTION FOR RETURN OF EXHIBITS**<br><br>(Docket. Nos. 55, 57, 58, 63, 64) |
|---|---|

Plaintiff, a California state pretrial detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against prison officials at the Humboldt County Correctional Facility ("HCCF"). The Court found the complaint, (Docket No. 1), stated cognizable claims for excessive force and failure to protect prisoner's safety, and ordered the matter served on Defendants. (Docket No. 13.) Defendants filed a motion to dismiss the claims against them for failure to plead sufficient facts, (Docket No. 33), which the Court granted in part and denied in part: the excessive force claim against Defendant Twitchell and Ayala for their actions on June 24, 2018, and the deprivation of water claim were dismissed with prejudice for failure to state a claim; the motion was denied with respect to the failure to protect claim against Defendant Ayala. (Docket No. 54 at 16.) The Court ordered briefing

1

on the excessive force claim against Defendant Lane and the failure to protect claim against Defendant Ayala. (*Id.* at 16-17.)

The Court addresses below several pending motions in this matter.

## I. DISCUSSION

### A. Motions for Order to Compel Discovery and for Sanctions

On August 27, 2019, Plaintiff filed a motion for an order to compel discovery, alleging that he has "exchanged views" with defense counsel with regard to his efforts to obtain video-evidence from certain cameras at HCCF. (Docket No. 55.) Defendants filed an opposition, stating that Plaintiff submitted this motion *before* they had met and conferred on September 19, 2019, and therefore fails to satisfy Rule No. 37(a)(1). (Docket No. 59 at 3-4.) Plaintiff has filed a motion "to withdraw second motion to compel discovery," admitting that he failed to meet and confer at that time, and requests that the Court accept his most recently filed motion to compel instead. (Docket No. 64.) The motion is GRANTED. (*Id.*) Accordingly, the first motion to compel, (Docket No. 55), shall be STRICKEN. The Court addresses Plaintiff's most recently filed motion to compel to produce video surveillance, filed on September 25, 2019. (Docket No. 63.)

In opposition, Defense counsel asserts that he responded to Plaintiff's request for video surveillance, and that he explained in a letter that some of the HCCF video surveillance cameras record while others do not and are "live feed" cameras. (Docket No. at 59 at 2.) Defense counsel states that the specific video footage that Plaintiff seeks does not exist because the cameras identified in the requests are "live feed" only and do not record. (*Id.*) Plaintiff simply does not believe defense counsel's response, and points out that in another suit, video surveillance footage was actually produced by the HCCF from its archives.[1] (Docket No. 63.) The Court has reviewed counsel's response to Plaintiff's

---

[1] In *Silverman v. Mendiburu, et al.*, Case No. 17-cv-01146 BLF (PR), Defendants

2

discovery request and finds it provides a sufficient response under Federal Rule of Civil Procedure 26(g)(1), as counsel certifies that "[a]fter a diligent search and reasonable inquiry, Defendants are unable to comply with the request because no such video recordings exist." (Docket No. 59 at 17.) Accordingly, Plaintiff's motion to compel is DENIED under Rule 37(a), as Defendants have adequately responded to Plaintiff's discovery request.

Both parties move for sanctions. (Docket No. 59 at 5; Docket No. 63 at 2.) In light of Plaintiff's request to withdraw his first motion to compel, Defendants' motion for sanctions is DENIED. Because the Court finds Defendants' response to Plaintiff's discovery requests is adequate, sanctions against Defendants are not warranted. Accordingly, Plaintiff's motion for sanctions is DENIED.

**B.** **Motion for Leave to File Amended Complaint**

Plaintiff filed a motion "to file an amended, new, complaint to cure previous deficiencies – with the Court's leave" pursuant to Fed. R. Civ. P. 15(a)(1). (Docket No. 57.) Specifically, Plaintiff seeks to amend the water deprivation claim which was dismissed without leave to amend. (*Id.*) The Court construes that as a motion for reconsideration of the dismissal of that claim. Plaintiff asserts that he never received any notice to cure the deficiency of that claim, and "thought it was understood all three named defendants partook in depriving plaintiff of water on July 1st 2018." (*Id.* at 1.)

Federal Rule of Civil Procedure 15(a)(2) provides: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leaven when justice so requires." Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order

---

produced video footage in that matter in support of their summary judgment motion.

3

under Fed. R. Civ. P. 16 must be based upon good cause). However, leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Id.*; *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). A district court should deny leave to amend on futility grounds if "it appears beyond doubt that the plaintiff's proposed amended complaint would not remedy the deficiencies in the previous complaint." *Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001). Put differently, futility of amendment frequently means that it is not factually possible for plaintiff to amend the complaint so as to cure the deficiencies. *Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002).

Plaintiff asserts that he is able to cure the deficiencies of this claim if given an opportunity to do so. (Docket No. 57.) However, he has provided no allegations in this motion to indicate that an amendment would cure those deficiencies. Accordingly, the motion is DENIED. However, Plaintiff shall be granted an opportunity to file a proposed amendment to the complaint, stating sufficient facts to support a § 1983 claim based on the deprivation of water. Concurrently with the proposed amendment, Plaintiff shall file a renewed motion for leave to file an amendment to the complaint. The Court will review the proposed amendment to see if it states a cognizable claim before granting the motion for leave to amend.

C. **Motion for Return of Exhibits**

Plaintiff has filed a motion for the Court to return exhibits accompanying his amended complaint, (Docket No. 21). (Docket No. 58.) Good cause appearing, the motion shall be granted.

## II. CONCLUSION

For the forgoing reasons, the Court orders as follows:

1. Plaintiff's motion to "withdraw second motion to compel," (Docket No. 64), is **GRANTED**. Accordingly, the motion filed under Docket No. 55 shall be **STRICKEN** and terminated.

2. Plaintiff's motion to compel discovery, (Docket No. 63), is **DENIED**. Plaintiff's and Defendants' motion for sanctions are **DENIED**.

3. Plaintiff's motion to file a new amended complaint is **DENIED** without prejudice. (Docket No. 57.) Plaintiff may file a renewed motion for leave to file an amendment to the complaint along with the proposed amendment, in which he may attempt to state sufficient facts to state a cognizable § 1983 claim based on the deprivation of water. Plaintiff is advised that no other claims will be considered. Plaintiff's renewed motion and proposed amendment shall be filed with the Court **no later than twenty-eight (28) days** from the date this order is filed.

4. Plaintiff's motion for the return of exhibits filed with his amended complaint is **GRANTED**. (Docket No. 58.) With a copy of this order to Plaintiff, the Clerk shall enclose the original exhibits filed with Plaintiff's amended complaint, (Docket No. 21). (Docket Nos. 21-2, 21-3.)

This order terminates Docket Nos. 55, 57, 58, 63, and 64.

**IT IS SO ORDERED.**

Dated: Oct 17, 2019

BETH LABSON FREEMAN
United States District Judge

Order Addressing Pending Motions
PRO-SE\BLF\CR.18\04510Silverman_motions