United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SILVERMAN,<br>Plaintiff,<br>v.<br>DORSEY LANE, et al.,<br>Defendants. | Case No. 18-04510 BLF (PR)<br>**ORDER GRANTING MOTION FOR RECONSIDERATION; DEEMING PLAINTIFF'S OPPOSITION AS TIMELY FILED; DIRECTING DEFENDANTS TO FILE REPLY**<br><br>(Docket. Nos. 81, 83, 85) |

Plaintiff, a California state pretrial detainee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, against prison officials at the Humboldt County Correctional Facility ("HCCF"). The Court found the complaint, (Docket No. 1), stated cognizable claims for excessive force and failure to protect prisoner's safety, and ordered the matter served on Defendants. (Docket No. 13.) The Court ordered briefing on the excessive force claim against Defendant Lane and the failure to protect claim against Defendant Ayala. (Docket No. 54 at 16-17.) Defendants filed a motion for summary judgment on November 26, 2019. (Docket No. 75.) On December 12, 2019, Plaintiff filed a motion for an extension of time to file an opposition which the Court denied for failure to show good cause on January 10, 2020. (Docket No. 80.) The Court deemed the matter submitted.

1

(*Id.*)

On January 7, 2020, before he received the Court's order denying his first motion for an extension of time, Plaintiff filed a "motion to continue," requesting additional time to file an opposition. (Docket No. 81.) The Court notes that Plaintiff again fails to explain why he needs additional time. (*Id.*) On the same day, Plaintiff filed the opposition. (Docket No. 82.)

Plaintiff has filed a motion for reconsideration of the Court's denial of his first motion for extension of time. (Docket No. 83.) Plaintiff states for the first time that he was "stagnated by his step-mother passing away." (*Id.*) Plaintiff asserts that "Federal Rule of Civil Procedure Rule 66(b)(b) permits Your Honor to exercise discretion in these regards… in favor of acts of god and circumstances of difficulty to timely proceed." (*Id.*) Rule 66, however, has to do with Receivers and is not relevant to Plaintiff's motion. Be that as it may, the Court finds good cause to excuse Plaintiff's delay in filing timely responses and GRANTS the motion for reconsideration. Accordingly, Plaintiff's opposition filed on January 13, 2020, (Docket No. 82), is deemed timely filed. Defendants' motion to strike the opposition, (Docket No. 85), is therefore DENIED.

Defendants' initial reply and notice of non-opposition filed on January 6, 2020, (Docket No. 79), shall be STRICKEN. Defendants' reply to Plaintiff's opposition shall be filed **no later than fourteen (14) days** from the date this order is filed. The matter shall be deemed submitted on the date Defendants' reply is due.

This order terminates Docket Nos. 81, 83, and 85.

**IT IS SO ORDERED.**

Dated: February 7, 2020

BETH LABSON FREEMAN
United States District Judge

Order Granting Recon; Directing Def. to file Reply
PRO-SE\BLF\CR.18\04510Silverman_grant.recon&reply.due

2