UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SILVERMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DORSEY LANE, et al.,<br><br>　　　　　Defendants. | Case No. 18-04510 BLF (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEF; SETTING BRIEFING SCHEDULE ON MOTION TO REOPEN TIME TO FILE AN APPEAL** |

On June 30, 2020, the Court granted Defendants' motion for summary judgment, and entered judgment on the same day. Dkt. Nos. 90, 91. Plaintiff filed a notice of appeal on August 19, 2020, Dkt. No. 93, which was after the 30 days to file a notice of appeal had expired. *See* 28 U.S.C. § 2107(a). The Ninth Circuit has construed Plaintiff's notice of appeal as including a motion to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6), and remanded the matter to this Court for the limited purpose of determining if the motion was timely filed, and to rule on the motion. Dkt. No. 96.

Rule 4(a)(6) provides that the district court may reopen the time to file an appeal only if the following conditions are satisfied: (A) the court finds that Plaintiff did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180

days after the judgment or order is entered or within 14 days after the moving party receives notice under Rule 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.  Fed. R. App. P. 4(a)(6).

The Court finds more information is necessary to determine the timeliness of the motion and its merit.  First of all, Plaintiff states that he received the court's June 30, 2020 order "a month approximately later."  Dkt. No. 93 at 1.  However, the copy of the order and judgment which were mailed to Plaintiff were returned as undeliverable on September 10, 2020.  Dkt. No. 95.  Accordingly, it is unclear how and when Plaintiff received notice of the court's order, information which is necessary for the Court to determine whether the 180 days or 14 days period applies under subsection (B) of Rule 4(a)(6).  Therefore, Plaintiff shall be required to file a supplemental to the motion to reopen the time to file an appeal under Rule 4(a)(6), stating specifically how and when he received notice of the Court's order and judgment.  Plaintiff's supplemental shall be filed **no later than fourteen (14) days** from the date this order is filed.  Because the information should already be known, no extension of time will be granted with respect to this supplemental briefing.  Plaintiff must serve a copy of his supplemental briefing on Defendants.  A failure to file the supplemental briefing will result in the Court denying the motion as untimely.

Defendants shall file opposition to the motion **no later than seven (7) days** from the date Plaintiff's supplemental brief is filed.  Defendants are directed to state whether they separately served the Court's order and judgement on Plaintiff and the date of service, and whether they would be prejudiced by reopening the time for filing an appeal.  A lack of response from Defendants shall be construed as the absence of prejudice under Rule 4(a)(6)(C).

**IT IS SO ORDERED.**

Dated:  __December 1, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order Directing Pl. to File Suppl. Brief; Briefing Sched.
PRO-SE\BLF\CR.18\04510Silverman_brief.reopen.appeal

2